IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID VALDIVIA,                        )
                                       )
                  Plaintiff,           )
                                       )
v.                                     )        Case No. 07-2467-KHV
                                       )
BNSF RAILWAY COMPANY,                  )
                                       )
                  Defendant.           )

## ORDER

This case comes before the court on the motion of the defendant, BNSF Railway Company ("BNSF"), for an order directing the plaintiff, David Valdivia, to submit to a medical examination pursuant to Fed. R. Civ. 35 **(doc. 21)**. BNSF also seeks an extension of the deadline to complete such examination and to designate its expert witness. Plaintiff has responded (doc. 24), and BNSF has replied (doc. 25). For the reasons explained below, BNSF's motion is denied in part and granted in part.

Plaintiff alleges he was disciplined by his employer, BNSF, in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq. In 2003, plaintiff was certified by BNSF for intermittent FMLA leave related to migraine headaches. On August 19, 2006, plaintiff began suffering the symptoms of a migraine, took prescribed medication, and went to sleep. Plaintiff claims one of the side effects of the prescribed medication is that it may cause one to sleep more soundly than normal.

Plaintiff was scheduled to work at BNSF's Argentine Yard from midnight to 8:00 a.m. on August 20, 2006. Plaintiff claims, however, the medication he took caused him to sleep

past his shift.  At or about 8:30 a.m., plaintiff was awakened by a phone call from his local union president.  Plaintiff called into the Argentine Yard, told the general foreman what had happened, and requested FMLA leave for the eight-hour shift that had just ended.  Plaintiff's request was denied and he was disciplined for failing to follow BNSF's policy requiring that management be notified before the beginning of a shift if an employee is seeking an excused absence under FMLA.

BNSF requests that plaintiff submit to a Rule 35 examination to evaluate his medical condition, including his continuing headaches, and the medications that have been prescribed for the same.  BNSF argues that plaintiff has placed his medical condition in controversy since his excuse for not calling in "may be related to his medical condition for which he was certified for intermittent leave under FMLA, or it may go beyond that condition."

Plaintiff argues that his medical condition in August 2006 is in controversy, _not_ his current medical condition.  Plaintiff further argues that he has provided BNSF with a signed medical authorization for his past medical records, and therefore any information BNSF may seek regarding his condition in August 2006 is available without a Rule 35 examination.

Fed. R. Civ. P. 35(a) provides that for "good cause" shown, "[t]he court . . . may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner . . .."  The parties agree that the leading case governing Rule 35 motions is _Schlagenhauf v. Holder._[1]  In _Schlagenhauf_, the

---

[1] 379 U.S. 104 (1964).

Supreme Court held that the "in controversy" and "good cause" requirements of Rule 35 are not met

> by mere conclusory allegations of the pleadings - nor by mere relevance to the case - but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination. Obviously, what may be good cause for one type of examination may not be so for another.  The ability of the movant to obtain the desired information by other means is also relevant.[2]

BNSF argues that in Schlagenhauf, the Supreme Court also recognized there are situations where a plaintiff may put his physical condition at issue by virtue of the nature of his allegations and thereby provide the defendant with good cause for an examination to determine the existence and extent of such asserted injury.[3]   In further support of this proposition, BNSF cites *Ali v. Wang Laboratories, Inc.*[4] and *Farkas v. America Online,*[5] both employment cases in which lower federal courts found that plaintiffs had put their physical conditions in controversy by virtue of the nature of the action and ordered plaintiffs to submit to Rule 35 examinations.

The court first notes that *Ali* and *Farkas* would not be controlling as they are not from this district or the Tenth Circuit Court of Appeals.  More importantly, these cases are clearly distinguishable.

---

[2]379 U.S.  at 118.

[3]*Id.*

[4]162 F.R.D. 165 (M.D. Fla. 1995).

[5]No. 3:02-1095, 2003 WL 22595834, at *2 (M.D. Fla. Oct. 10, 2003).

In *Ali,*[6] the plaintiff had suffered whiplash in an automobile accident which resulted in chronic cervical pain syndrome, chronic severe neck pains and headaches, chest pains, and muscular pains and spasms in his neck and shoulder area.  The plaintiff asserted his injuries caused permanent restrictions to his lifting, range of motion, and ability to work overhead. The plaintiff also asserted that a physician anticipated his condition would continue to deteriorate and would require surgery in the future.  The plaintiff, therefore, alleged that he had been and continued to be disabled under the Americans with Disabilities Act.

Similarly, in *Farkas,*[7] the plaintiff claimed he was entitled to FMLA leave.  He identified his "serious health conditions" as manic-depressive, obsessive-compulsive disorders, depression, and anxiety attacks which he had suffered from April 1999 to "the present."

In the case at bar, plaintiff is not making any claim related to his *current* medical condition.  Rather, this case involves BSNF's denial of plaintiff's request for FMLA leave on August 20, 2006, and BNSF's subsequent discipline of plaintiff due to his absence on that day because of a migraine headache he suffered on August 19, 2006.

---

[6]162 F.R.D. at 168.

[7]2003 WL 22595834, at *2.

The court finds the cases cited by plaintiff, while not directly on point or from this district or circuit,[8] still are persuasive.  In *Bridges v. Eastman Kodak Co.*,[9] the federal trial court reasoned

> . . . had plaintiffs asserted the existence of an ongoing mental illness, there might have been a sufficient basis to allow defendants' request on the grounds that plaintiffs' mental condition was in controversy. (Citations omitted.)  However, because plaintiffs allege past, not present pain and suffering, that basis for granting a Rule 35(a) order too does not exist.[10]

In *Coca-Cola Bottling Co. v. Torres*,[11] the First Circuit Court of Appeals upheld the trial judge's denial of defendant's motion for a Rule 35 examination on the basis that plaintiff "was not seeking damages for any present suffering but only for past injury and emotional disturbance, and hence a physical examination would be useless since it would not show the extent of the injury he had suffered in the past from which he had wholly recovered."[12]

The court finds that the plaintiff's current medical condition is <u>not</u> "in controversy" in the case at bar.  The sole migraine headache from which this case arises began on August 19, 2006.  Defendant has not clearly articulated what information could possibly be learned from a present day examination of plaintiff with regard to the August 19, 2006 headache.  A present

---

[8]In conducting its own research, the court was unable to find a case directly on point from this district or the Tenth Circuit Court of Appeals.

[9]850 F. Supp. 216 (S.D.N.Y. 1994)

[10]*Id.* at 222.

[11]255 F.2d 149 (1st Cir. 1958).

[12]*Id.* at 153.

day examination would also not provide any information as what effect the medication taken by plaintiff had on him on August 19-20, 2006.  Therefore, the court finds BNSF has failed to establish good cause for a Rule 35 examination of plaintiff.  It appears BNSF has access to all plaintiff's prior medical records for the relevant time period.  Accordingly, BNSF's request that plaintiff submit to a Rule 35 examination is denied.

As the result of the court's ruling, the court also denies as moot BNSF's motion to extend the Rule 35 examination deadline.  The court will, however, extend the following deadlines:

1.      BNSF shall serve its disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts by **May 2, 2008**.  Disclosures and reports by any rebuttal experts shall be served by **May 16, 2008**.

2.      All discovery shall be completed by **May 30, 2008**.

All other deadlines shall remain as previously set in the December 7, 2007 scheduling order (doc. 8), including the June 9, 2008 deadline for submitting the proposed pretrial order and the June 18, 2008 pretrial conference.

In consideration of the foregoing,

IT IS HEREBY ORDERED the above-referenced motion (**doc. 21**) is denied in part and granted in part.

Dated this 16th day of April, 2008 at Kansas City, Kansas.

s/James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge